```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| JIN YI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 23-11752-PBS |
| | ) |
| MAHER ELMASRI, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM & ORDER**

**March 18, 2024**

Saris, D.J.

    <u>Pro se</u> plaintiff Jin Yi brings this action against Maher Elmasri, whom Yi identifies as the owner of Thermoflow. Yi seeks to hold Elmasri liable for the injuries she suffered due to alleged espionage activity of her now-former husband, who is a Thermoflow employee. Yi invokes the Court's diversity subject matter jurisdiction. Elmasri has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court GRANTS the motion and DISMISSES this action.

**I.    Background**

    The following is a recitation of the facts alleged in Yi's complaint, which the Court generally must accept as true at the

motion-to-dismiss stage.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1]

In 2002, Zhengyu Huang, who was married to Yi at the time, commenced his employment at Thermoflow.  In or around 2015, Huang complained to Yi that he had been unable to log into the computer of an important co-worker.  Yi told Huang what he had done was illegal and could land him in jail.  "Since 2015, Huang not only returned home "very late" in the evening, but he had "many abnormal behaviors and many times [Yi] saw cars appear[] in front of [their] house [which] . . . quickly made [a] U-turn to drive away."  Compl. at 7.  At about the same time period, "Maher Elmasri began to enjoy his semi-retirement life, yachting, going out to sea, reduced coming to the office time."  Id.  Elmasri "didn't know what Huang did in the office."  Id.

Huang and another Thermoflow employee are members of the Yan Xin Life Science Organization ("YXLS"), which is a spy group unlawfully accessing Thermoflow's software to operate their own business.  In 2018, "Huang was proud to say that his boss can't find out what he did (his espionage) at all," and that "one employee of . . . Thermoflow noticed about the company

---

[1] Many of Yi's factual allegations appear to be implausible and speculative.  However, for purposes of this order, the Court recites these disputed allegations as if they were true.

2

computer's abnormal on and off time, but . . . didn't think much of it." Id.  Huang also "proudly said only the FBI who understands computers may be able to find out what he did." Id.

Yi reported YXLS's "espionage" to Elmasri and law enforcement to no avail.  Huang assaulted Yi when she questioned his espionage activities.  Further, when Yi filed for divorce, Huang and other YXLS members, attempted to kidnap her, bribed a psychiatrist to make a false diagnosis concerning her mental health, threatened to kill her, assaulted her, and conspired with her attorneys to jeopardize the outcome of the divorce proceedings.

At the beginning of March 2019, Yi sent emails to Elmasri in which she "indirectly told him who [she] was, and [that] [she] wanted to meet him face to face to talk about his business." Id. at 11.  Elmasri didn't respond to Yi.  In or about April 2019, Yi tried to contact a Thermoflow manager.  After the manager did not respond to Yi, she had "no other choice" but to visit the manager's house," where he was met by the manager's wife. Id.  In response to manager's wife's suggestion that Yi contact the owner of Thermoflow, on May 1, 2019, Yi mailed another letter to Elmasri.  On May 8, 2019, Yi "received a warning email from Thermoflow's lawyer." Id.  "The Thermoflow owner warned [her] that if [she] continued to harass

his employee and his family, and continued to contact him, he would sue [Yi] for defaming." Id.

Yi states that "[Elmasri's] employees are spies, but they are still working for Thermoflow to keep it running. It means Maher Elmasri earns money and enjoys his life." Id. at 5. In her prayer for relief, Yi asks that the Court order, inter alia, that Elmasri pay Yi's living expenses "because [her] life has been completely ruined by the organization his employee organized and he need [sic] to keep [her] in safety." Id. at 4.

## II.  Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). A facially plausible claim contains pleaded facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating the sufficiency of the factual allegations contained in the complaint, the Court must be careful to credit the factual assertions made by the plaintiff while disregarding "legal conclusions," such as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. Because Yi representing herself, the Court

construes her complaint more liberally than "pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III. Discussion**

Here, Yi's complaint fails to state a claim upon which relief may be granted because it does not contain sufficient factual material which allows the Court to draw the reasonable inference that Elmasri is liable for her injuries.

Yi does not allege any personal involvement by Elmasri in the alleged misconduct of Huang and others. By Yi's own account, in 2015—about the same time Yi first observed Huang's suspicious behavior—Elmasri started his "semi-retirement life," reduced coming to the office time," and "didn't know what Huang did in the office." Compl. at 7. Elmasri's lack of response to Yi's communications does not make him liable for the harm Huang and others participating in the espionage inflicted on Yi.

Further, Yi does not allege any facts from which the Court may reasonably infer that Elmasri is vicariously liable for Yi's injuries. Under Massachusetts law, an employer may be held vicariously liable for the torts of the employee "committed within the scope of employment." Lev. v. Beverley Enters.-Mass, Inc., 457 Mass. 234, 238 (2010). An employee's conduct is committed within the scope of employment when "it is of the kind

5

he is employed to perform," "if it occurs substantially within the authorized time and space limits," "and if it is motivated, at least in part, by a purpose to serve the employer."  Id. at 238 (quoting Mosko v. Raytheon Co., 416 Mass. 395, 399 (1993)).  Here, the alleged operation of a spy ring through the unauthorized use of Thermoflow's property were not committed within the scope of Huang's (or any other person's) employment with Thermoflow.  Even according to Yi's allegations, the alleged misconduct is not the kind any Thermoflow employee is employed to perform, and it was not motivated by a purpose to serve Thermoflow.

**V.   Conclusion**

Accordingly, for the reasons set forth above, the motion to dismiss the complaint (Doc. No. 5) is GRANTED and this action is DISMISSED.

SO ORDERED.

                                 /s/ Patti B. Saris
                                 PATTI B. SARIS
                                 UNITED STATES DISTRICT JUDGE